IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID JACKSON #1599215 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv498 |
| COFFIELD UNIT | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff David Jackson, a prisoner of the Texas Department of Criminal Justice (TDCJ), filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 in the Lufkin Division of the Eastern District of Texas, alleging violations of his constitutional rights while he was in prison. That court severed Plaintiff's claims concerning events at the Coffield Unit and transferred them to this Court for proper venue. (Dkt. ##2, 3.) The new case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On January 3, 2022, the Court ordered Plaintiff to either pay the $402 filing fee or submit a properly supported application to proceed *in forma pauperis* (IFP). (Dkt. #5.) The Court also ordered Plaintiff to file an amended complaint to set forth only the claims arising from Coffield and to correct other observed deficiencies in the original complaint. (*Id.* at 2–3.) The order expressly cautioned that failure to comply could result in dismissal of his lawsuit. (*Id.* at 3.)

Shortly after entry of that order, the Court received a letter from Plaintiff advising of a future address change to be effective in February. (Dkt. #6.) But the record establishes that Plaintiff received the Court's order by finding it on the prison floor sometime before January 10, 2022,

1

when he mailed the order back to the Court without explaining why he was returning it. (Dkt. #11.) Well over two months has passed since that receipt, and Plaintiff has failed to comply with either requirement in the Court's order. He has filed a letter expressing "concern" about the status of both his cases (Dkt. #13), but he has not sought any extension of time or attempted to explain his failure to comply with the order he clearly received.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."). Dismissal with prejudice for failure to comply with a court order is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Plaintiff's failure to comply with an order is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff be denied leave to proceed without prepayment and that this action be dismissed without prejudice for Plaintiff's failure to comply with an Order of the Court and failure to take the steps necessary to prosecute this case.

The Clerk of Court is **DIRECTED** to mail this Report to Plaintiff at his last known prison address as well as the return address provided in his last filing. (*See* Dkt. #13 at 1.) Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 31st day of March, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE